IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

IN RE INTEREST OF THOMAS T.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF THOMAS T., A CHILD UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,
V.
THOMAS T., APPELLANT.

Filed July 2, 2013.    No. A-12-1192.

Appeal from the Separate Juvenile Court of Douglas County: WADIE THOMAS, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Timothy F. Shanahan for appellant.

No appearance for appellee.

SIEVERS, PIRTLE, and RIEDMANN, Judges.

PIRTLE, Judge.

INTRODUCTION

The separate juvenile court of Douglas County adjudicated Thomas T., born in September 1994, as a juvenile as described in Neb. Rev. Stat. § 43-247(3)(b) (Reissue 2008). Following a disposition hearing, the court placed Thomas under the supervision of a probation officer and imposed a number of requirements on him, including participation in "tracker services," a form of intensive supervision which may include utilization of an ankle bracelet. Thomas has appealed the requirement that he be subject to tracker services. As explained below, we affirm the judgment of the juvenile court.

## STATEMENT OF FACTS

In April 2012, the State filed a petition in the juvenile court in which it alleged that Thomas came within § 43-247(3)(b) in that he habitually refused to obey curfew or to make his whereabouts known to his parents, associated with a girlfriend against his parent's wishes, used abusive or threatening language to his parent, and refused to take his prescribed medication (count I); he habitually was truant from the high school he was attending and was expelled from that school on April 3, 2012, for smoking and showing disrespect (count II); and he deports himself so as to seriously injure or endanger the morals or health of himself or others in that he "takes his mother's phone and cuts off the household communication system" (count III).

Thomas entered into a plea agreement in which he admitted to count II of the petition, and in exchange, the State dismissed counts I and III. The State set forth a factual basis for count II, which was that Thomas' expulsion from school was the culmination of a series of incidents involving possession of an electronic cigarette and a disrespectful attitude toward staff members, including swearing at them, "refusing to give his phone when requested," and leaving school grounds without permission.

At the disposition hearing, the State entered into evidence exhibit 1, a copy of the predisposition investigation report, which recommended that Thomas be placed on probation. Thomas did not object to any of the recommendations in the report except for the recommendation that he participate in tracker services as arranged by the probation office. The court placed Thomas on probation for 6 months and required that he participate in therapy, take his medications, participate in tracker services, attend school without absences or tardiness, "work to his potential at school," complete the probation cognitive skills program, continue his employment, "[r]eside in the home," and "obey the rules as set forth in the home." Thomas timely appeals from this order.

## ASSIGNMENT OF ERROR

Thomas asserts that the juvenile court erred in ordering him to participate in tracker services.

## STANDARD OF REVIEW

Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings. *In re Interest of Phoenix L.*, 270 Neb. 870, 708 N.W.2d 786 (2006).

## ANALYSIS

The predisposition investigation report summarized Thomas' strengths and his overall history, noting that he has had few behavioral issues in his current school, that he is employed, that he does not consume alcohol or drugs, and that his negative behaviors are more under control when he agrees to take his medication daily. However, Thomas does not consistently take his medications, which often results in numerous sick days at work, refusal to attend school, and other problems such as losing personal items and forgetting appointments.

Screening tests indicated that Thomas was deemed to be at moderate to high risk for continued delinquent behavior. He scored at a high risk in the area of family

circumstances/parenting because his mother has difficulty controlling his behavior and does not display consistent rules or discipline. Thomas' father is deceased. Thomas was found to be at moderate risk in the area of education/employment because his overall grade point average was 1.2 despite his claims that he could achieve A's and B's if he tried.

The report further noted Thomas' extreme rudeness and disrespect to his mother, sometimes swearing at her. The report concluded that because Thomas does not appear to have any clear structure or discipline in the home, it is recommended that he "be placed on Tracker Services and follow all directions of the Tracker," that he participate in family and individual therapy, that he take all prescribed medications, and that he participate in and complete a cognitive skills program.

There was no testimony or other evidence contradicting the predisposition investigation report. Thomas objects to the requirement of the tracker services on the basis that it is not in his best interests because of his recent relatively good grades, employment, and attendance at school. However, Thomas would have us ignore the gist of the report, which is that his good behaviors are largely contingent on his compliance in taking medications, something that has been sporadic at best. Without his medications, Thomas' behaviors deteriorate markedly and his mother is not capable of enforcing discipline for him. Under this record, we cannot say that the juvenile court erred in requiring Thomas to be placed on tracker services.

CONCLUSION

Based on the record before us, we conclude from our de novo review that the juvenile court did not err in ordering Thomas to comply with tracker services. Therefore, we affirm the judgment of the juvenile court.

AFFIRMED.